IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LAWRENCE RAY DANIELS                                                                                          PLAINTIFF

          v.                              Civil No. 1:13-cv-01046

BILLY HUBBERT                                                                                                         DEFENDANT

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

      Plaintiff Lawrence Daniels filed this case *pro se* pursuant to 42 U.S.C. § 1983 on May 8, 2013.  ECF No. 1.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

      Currently before me is Plaintiff's Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") (ECF No. 1); and the issue of preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA").  Pursuant to the PLRA, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

**I.    BACKGROUND**

      At the time he filed his Complaint, Plaintiff was an inmate of the Ashley County Detention Center ("ACDC") in Hamburg, Arkansas.  Plaintiff's address of record indicates he is still incarcerated in the ACDC.

      In Plaintiff's Complaint, he names Judge Billy Hubbert as the sole Defendant. Plaintiff alleges: (1) he was wrongly incarcerated, by Judge Hubbert,  for a failure to appear because he was incarcerated on another matter in the ACDC at the time of his court date (ECF No. 2, p. 4); (2)

1

he was denied all of his rights while incarcerated (ECF No. 2, p. 4); and (3) his health was neglected while he was incarcerated (ECF No. 2, p. 4). Plaintiff requests "justice" for the "days of [his] long suffering and lost freedom . . . ." (ECF No. 2, p. 4). Plaintiff would also like the Court to pay for the days he spent wrongfully incarcerated and for his future medical bills. (ECF No. 2, p. 5).

II.  **APPLICABLE LAW**

In reviewing Plaintiff's IFP Motion, there is a two step process followed by the Court: (1) determine whether Plaintiff's economic status satisfies section 1915(a) requirements and, if it does, grant the Motion; unless (2) the Court determines the cause of action stated in Plaintiff's Complaint is frivolous or malicious. *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). If the causes of action stated in the Complaint are frivolous or malicious, the Complaint must be dismissed. *Id.; see also* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A) (during screening the Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

III. **DISCUSSION**

In his IFP Motion, Plaintiff states he does not receive any funds. The records from the ACDC indicate his average monthly balance for the last six months is $8.50. ECF No. 1. The

information supplied by Plaintiff appears to be sufficient to determine that Plaintiff would qualify by economic status for *in forma pauperis* status.  The Court, however, will not grant Plaintiff's IFP Motion because Plaintiff's claims are frivolous and fail to state claims upon which relief may be granted.

While Plaintiff makes mention of his medical care while in the ACDC, it appears the crux of Plaintiff's Complaint is that he was wrongfully incarcerated by Judge Hubbert.  Plaintiff may not use the civil rights statutes as substitute for *habeas corpus* relief.  In other words, he cannot seek declaratory or injunctive relief relating to his confinement and/or conviction.  *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement).  Accordingly, Plaintiff's claims regarding his confinement in the ACDC fails to state a cognizable claim under section 1983.

Further, Plaintiff's claims only challenge his conviction and incarceration.  In *Heck v. Humphrey,* 512 U.S. 477 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck,* 512 U.S. at 486–87.   Plaintiff did not make any allegations that his criminal conviction has been overturned.  A section 1983 claim that would necessarily imply the invalidity of a conviction is premature.  *Id*.  Thus, Plaintiff's claims regarding the illegality of his conviction and incarceration are not cognizable claims under section 1983.

3

Moreover, Judge Hubbert is immune from suit under section 1983. Judges are generally immune from lawsuits. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Duty v. City of Springdale*, 42 F.3d 460, 462 (8th Cir. 1994) (judges are generally immune from suit for money damages); *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from § 1983 liability."). Judicial immunity is only overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction") (internal citations omitted). Plaintiff has failed to allege any action by Judge Hubbert that was nonjudicial or taken without jurisdiction. Accordingly, Judge Hubbert is immune from suit.

## IV.   CONCLUSION

For the foregoing reasons, I recommend that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) be **DENIED** and the Complaint (ECF No. 2) be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a). The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). Therefore, I recommend that the Clerk be directed to place a § 1915(g) strike flag on the case.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

　　**DATED this 26th day of September 2013.**

　　　　　　　　　　　　　　　　　　/s/ Barry A. Bryant
　　　　　　　　　　　　　　　　　　HON. BARRY A. BRYANT
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE